**William KALTRIDER, Plaintiff-Appellee,**

v.

**The YOUNG MEN'S CHRISTIAN ASSOCIATION OF CLEVELAND, OHIO,** Defendant-Appellant.

**No. 71-1627.**

United States Court of Appeals, Sixth Circuit.

March 23, 1972.

Burt Fulton, Cleveland, Ohio, Hauxhurst, Sharp, Mollison & Gallagher, Cleveland, Ohio, on brief, for appellant.

John J. McCarthy, Cleveland, Ohio, Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy, Cleveland, Ohio, on brief, for appellee.

Before CLARK *, Associate Justice, and PECK and KENT, Circuit Judges.

PER CURIAM.

Plaintiff-appellee a resident of Michigan brought suit for damages because of injuries sustained as a result of a fall in a parking lot owned and maintained by defendant-appellant. The parties will be referred to as in the court below.

The jury returned a verdict in favor of the plaintiff in the amount of $100,000. Defendant filed a motion for a new trial, which the trial court denied on condition that the plaintiff agree to a remittitur of $25,000. After plaintiff's consent to the remittitur the trial court

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by designation.

entered judgment for the plaintiff and against the defendant in the amount of $75,000.

On appeal the defendant claims that it was error for the District Court to find that the defendant did not enjoy charitable immunity; that the District Court erred because it did not find the plaintiff guilty of contributory negligence as a matter of law, and that it was error for the District Court to deny the defendant's motion for a mistrial after one of plaintiff's witnesses used the word "insurance" in connection with the defendant.

The defendant owned a building in which it carried on the usual activities of a Y.M.C.A., including rooms which it rented. Adjacent to the building the defendant owned other property. On part of this property was a building which was leased to the Harshaw Chemical Company. The balance of the adjacent property was reserved for parking, 25 spaces were allocated to the Harshaw Chemical Company which paid a total rent of $18,000 per year, and the other parking spaces were available to patrons of the Y.M.C.A., who were required to pay for the privilege of parking. It is undenied that the defendant profited from the rental of its parking facilities, as well as from the rental of the building to the Harshaw Chemical Company. It also appears that all proceeds were used for payments on the mortgage covering the property on which the Harshaw Chemical Company building and the parking lots were situated, for the payment of taxes on these properties, and that any balance was used in connection with the defendant's usual activities.

■ Under Ohio law a charitable organization may lose its immunity from liability for negligence arising out of commercial activities even though the proceeds of such activities are devoted to charitable purposes. Blankenship v. Alter, 171 Ohio St. 65, 167 N.E.2d 922 (1960). We cannot say that the District Court erred in concluding that the operation of a profit making parking lot was not directly related to the charitable purposes of the defendant.

■ After an examination of the record we are satisfied that the plaintiff was not guilty of contributory negligence as a matter of law. The defendant claimed that the plaintiff failed to watch where he was going. The plaintiff claimed that he watched where he was going but was unable to see the object over which he fell because of poor lighting. Clearly, this presented an issue of fact appropriate for resolution by the jury.

■ During the course of the trial one witness, while testifying about a conversation with the Assistant General Secretary for Finance for the Y.M.C.A. of Cleveland, stated in reference to that conversation, "He said that he would have to check with the insurance company." An immediate objection was made by the defense and after the jury had been admonished to disregard this statement in regard to insurance, the defendant moved for mistrial which motion was denied. We are unable to say that the single mention of insurance would be sufficient to require that a mistrial be declared. The case was tried by a skilled trial judge who gave a cautionary instruction after the word "insurance" had been presented in the presence of the jury. After reviewing the entire record we find no error.

The judgment of the trial court is affirmed.